# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| RASHEEN JAMELL BIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV415-031 |
| ) | |
| FRANK PENNINGTON, ) | |
| Assistant District Attorney; and ) | |
| JUNE FOGLE, Public Defender, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

The Court should dismiss this 42 U.S.C. § 1983 case because plaintiff Rasheen Jamell Biggins complains of a defect in the state court criminal proceedings against him (his right to a preliminary hearing was waived without his consent), yet he seeks no damages, only dismissal of that case.[1]  Doc. 1 at 5-6.  In so doing, Biggins invalidates his § 1983

---

[1] As plaintiff is proceeding *in forma pauperis*, docs. 3, 4 & 5, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), to determine whether he has stated a cognizable claim for relief.  *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies Fed. R. Civ. P. 12(b)(6) standards here.  *Leal v. Ga. Dep't of*

claim. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead.") (quotes and cites omitted).

Meanwhile, Biggins must pay his $350 filing fee. His furnished account information shows that he has had a $222.00 average monthly balance in his prison account during the past six months. Doc. 5. He therefore owes a $37.00 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

---

*Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

Accordingly, this case must be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this 16th day of March, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA